# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| MARIA ARCHULETA,<br>    Plaintiff, | §<br>§<br>§ |
| v. | §   EP-19-CV-310-DB |
| | § |
| WALMART INC.,<br>    Defendant. | §<br>§<br>§ |

## ORDER TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 26 AND LOCAL COURT RULE CV-16

On this day, the Court considered the above-captioned case in which Defendant Walmart Inc. filed a Notice of Removal on October 28, 2019.

The Court, in the interest of efficient management of its docket, directs the Parties' attention to changes to the Federal Rules of Civil Procedure ("Federal Rules")[1] and the Local Court Rules for the Western District of Texas ("Local Rules"),[2] which became effective December 1, 2015, and April 26, 2012, respectively. Although the Parties should be familiar with all the Federal Rules and Local Rules, the Court points to particular requirements for the Parties. In the past, the Court automatically issued a scheduling order to parties upon the first appearance of a defendant. Now, under Local Rule CV-16 and Federal Rule 26(f), parties must first jointly file with the Court a written report outlining their proposed discovery plan. Parties must file a proposed discovery plan <u>no later than thirty-five days after a defendant first appears</u>. Additionally, the Federal Rules require a conference concerning discovery of electronically

---

[1] The amended Federal Rules can be found in various reference materials and on the Internet at http://www.law.cornell.edu/rules/frcp/overview.htm.

[2] The text of changes to the Local Rules is available through the district's website: http://www.txwd.uscourts.gov.

stored information, including the form of production and agreements related to claims of privilege. Further, Local Rules CV-16(a) and (c) require parties to submit a proposed scheduling order in the form indicated in Appendix B <u>within sixty days after any appearance of any defendant</u>.[3] Finally, note that this district no longer opts out of the initial disclosure requirements of Federal Rule 26.[4]

This Court will not tolerate delays from the Parties in submitting the proposed discovery plan and proposed scheduling order in this case. The Court will issue sanctions, including dismissal if necessary, should those documents not be timely filed.

Accordingly, **IT IS HEREBY ORDERED** that **ALL PARTIES TIMELY COMPLY** with the provisions of Federal Rule of Civil Procedure 26 and Local Court Rule CV-16.

**SIGNED** this **30th** day of **October 2019.**

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] In addition to following the format used in Appendix B of the Local Rules, the proposed scheduling order must contain (1) only dates that fall on weekdays, (2) at least a month between the end of discovery and the deadline for dispositive motions, (3) a twenty-page limit on dispositive motions, and (4) a long, blank line where the Court can designate the trial date and time. Finally, in the interest of timely resolution of cases, the Parties should choose a dispositive motions deadline that is approximately seven months after the case was filed in federal court.

[4] Although Federal Rule 26(a) requires the Parties to exchange initial disclosures, under Federal Rule 5(d) the Parties need not file the initial disclosures with the Court until they are used in the proceeding or the Court orders filing.